UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

MICHAEL J. BADERA, in his individual capacity
and as Shareholder Representative,

                                               1:18-cv-00643 (BKS/DJS)

                            Plaintiff,

v.

ALL-WEST PLASTICS, INC., PRECISION
EXTRUSION, INC., and PEXCO, LLC,

                            Defendants.
_____

**APPEARANCES:**

*For Plaintiff:*
Asish A. Nelluvely
John D. Aspland
FitzGerald Morris Baker Firth, P.C.
16 Pearl Street, P.O. Box 2017
Glens Falls, NY 12801

*For Defendants:*
William J. Decaire
Carter, Conboy, Case, Blackmore, Maloney & Laird, P.C.
20 Corporate Woods Boulevard
Albany, NY 12211

**Hon. Brenda K. Sannes, United States District Judge:**

## MEMORANDUM-DECISION AND ORDER

### I. INTRODUCTION

Plaintiff Michael J. Badera, in his individual capacity and in his capacity as "Shareholder Representative" of a group of Precision Extrusion, Inc. shareholders (the "Shareholders"), brings this breach-of-contract action against Defendants All-West Plastics, Inc. ("All-West"), Precision Exclusion, Inc. ("PEI"), and Pexco, LLC for their alleged failure to release $1,675,000 held in escrow to the selling shareholders of PEI. (Dkt. No. 1, ¶ 1). Plaintiff advances state law claims

for breach of contract and breach of the covenant of good faith and fair dealing, and seeks compensatory damages, a declaratory judgment, injunctive relief, and attorneys' fees. (*Id.* ¶¶ 56–73; *id.* at 16–17). Defendants have moved to dismiss the Complaint under Rule 12(b)(1) of the Federal Rules of Civil Procedure for lack of subject-matter jurisdiction. (Dkt. No. 7). For the reasons set forth below, the Court grants Defendants' motion.

## II. BACKGROUND

The Complaint alleges that Badera founded PEI and served as its president until PEI's acquisition by All-West under a merger agreement, pursuant to which the Shareholders sold their equity interests in PEI to All-West for $16,750,000 in December 2015. (*Id.* ¶¶ 1, 10–12). As part of the merger, an escrow agent was to retain $1,675,000 of the proceeds of the sale of the Shareholders' shares and hold that amount in an indemnity escrow account until May 31, 2017, at which time the parties would provide the escrow agent with written instructions to release the funds to the Shareholders. (*Id.* ¶¶ 15–20). However, Defendants refused to sign the written instructions by the specified date, citing what Badera describes as "spurious claims" that Defendants filed "with the specific intent to circumvent the indemnification terms and provisions." (*Id.* ¶ 53).

Badera alleges that this Court has diversity jurisdiction over his state law claims pursuant to 28 U.S.C. § 1332. (*Id.* ¶ 7). Badera is a citizen of New York. (*Id.* ¶ 3). All-West is incorporated in California and has its principal place of business in Georgia. (*Id.* ¶ 4). Despite the Complaint's assertion that PEI's principal place of business is in New York, (*id.* ¶ 5), Badera submits an affidavit by its counsel in opposition to the motion to dismiss, asserting that a PEI employee in New York advised Badera's process server that service had to be effectuated in Georgia, (Dkt. No. 9, ¶ 4). From this "admission," Badera's counsel infers that PEI's principal place of business is Georgia. (Dkt. No. 9, ¶ 7). The Complaint does not specify PEI's place of

incorporation, but the merger agreement attached to the Complaint describes it as a New York corporation. (Dkt. No. 1-1, at 6). Finally, the Complaint describes Pexco as a limited liability company organized under the laws of Delaware, with its principal place of business in Georgia; the Complaint, however, does not specify the citizenship of Pexco's members. (Dkt. No. 1, ¶ 6). Based on the Complaint and its attachments, Defendants argue that complete diversity is lacking because Badera and PEI share New York State citizenship, as PEI is incorporated in New York. (Dkt. No. 7-2, at 7).

### III. STANDARD OF REVIEW

"In resolving a motion to dismiss under Rule 12(b)(1), the district court must take all uncontroverted facts in the complaint (or petition) as true, and draw all reasonable inferences in favor of the party asserting jurisdiction." *Tandon v. Captain's Cove Marina of Bridgeport, Inc.*, 752 F.3d 239, 243 (2d Cir. 2014) (citing *Amidax Trading Grp. v. S.W.I.F.T. SCRL*, 671 F.3d 140, 145 (2d Cir. 2011) (per curiam)). "Dismissal for lack of subject matter jurisdiction is proper when the district court lacks the statutory or constitutional power to adjudicate a case." *Sokolowski v. Metro. Transp. Auth.*, 723 F.3d 187, 190 (2d Cir. 2013). In resolving a motion to dismiss for lack of subject-matter jurisdiction, the Court may consider competent evidence outside the pleadings, such as affidavits and exhibits. *Makarova v. United States*, 201 F.3d 110, 113 (2d Cir. 2000). Once subject-matter jurisdiction is challenged, the plaintiff "has the burden of proving by a preponderance of the evidence that jurisdiction exists." *Giammatteo v. Newton*, 452 F. App'x 24, 27 (2d Cir. 2011) (citing *Makarova*, 201 F.3d at 113).

### IV. DISCUSSION

Federal courts cannot ignore the "fundamental precept" that they possess limited jurisdiction. *Durant, Nichols, Hodgson & Cortese-Costa P.C. v. Dupont*, 565 F.3d 56, 62 (2d Cir. 2009) (quoting *Owen Equip. & Erection Co. v. Kroger*, 437 U.S. 365, 374 (1978)).

Accordingly, they must dismiss all claims over which they lack subject-matter jurisdiction. Fed. R. Civ. P. 12(h)(3). To establish jurisdiction based on diversity of citizenship, a plaintiff must demonstrate that the adverse parties are citizens of different states and that "the matter in controversy exceeds the sum or value of $75,000." 28 U.S.C. § 1332(a). This diversity requirement is satisfied only if complete diversity exists, i.e., "there is no plaintiff and no defendant who are citizens of the same State.". *OneWest Bank, N.A. v. Melina*, 827 F.3d 214, 217–18 (2d Cir. 2016) (quoting *Wis. Dep't of Corr. v. Schacht*, 524 U.S. 381, 388 (1998)).

A corporation is considered a citizen in the state "by which it has been incorporated" as well as the state "where it has its principal place of business." 28 U.S.C. § 1332(c)(1). Where a corporation maintains its principal place of business depends on where its officers "direct, control, and coordinate the corporation's activities" and otherwise conduct the tasks typically associated with a business's headquarters. *Hertz Corp. v. Friend*, 559 U.S. 77, 92–93 (2010). However, a corporation's principal place of business "does not replace the citizenship of the state of incorporation." *Grunblatt v. UnumProvident Corp.*, 270 F. Supp. 2d 347, 351 (E.D.N.Y. 2003). Rather, both the principal place of business as well as the state of incorporation are equally relevant for determining a corporation's citizenship. *Id.*

In the present case, Badera, a citizen of New York, cannot claim that diversity of citizenship exists between him and PEI.[1] His argument that the diversity requirement of 28 U.S.C. § 1332(a)(1) is satisfied because PEI's principal place of business is in Georgia is misguided because it captures only half of what is necessary to establish diversity of citizenship

---

[1] Badera also failed to sufficiently show that diversity of citizenship exists between him and the individual members of Defendant Pexco, a limited liability company. Unlike corporations, "a limited liability company. . . takes the citizenship of each of its members." *Baverische Landesbank, N.Y. Branch v. Aladdin Capital Mgmt. LLC*, 692 F.3d 42, 49 (2d Cir. 2012). Neither Badera's Complaint nor his opposition to the motion to dismiss makes any reference to the citizenship of Pexco's members.

with a corporation. Aside from a corporation's principal place of business, the state under whose laws it is incorporated also determines the corporation's citizenship. 28 U.S.C. § 1332(c)(1). Therefore, the fact that PEI is incorporated in New York destroys any purported diversity between PEI and Badera, regardless of PEI's principal place of business. In the absence of complete diversity, the Court must dismiss this action for lack of subject-matter jurisdiction.

## V. CONCLUSION

For these reasons, it is hereby

**ORDERED** that Defendants' motion to dismiss (Dkt. No. 7) is **GRANTED**, and the Complaint is **DISMISSED without prejudice**; and it is further

**ORDERED** that the Clerk is directed to close this case.

**IT IS SO ORDERED.**

Dated: August 6, 2018
Syracuse, New York

Brenda K. Sannes
U.S. District Judge